**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Ashley's Cleaning LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:25-cv-00788 |
| | ) |
| Ashley's Cleaning Service LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Default Judgment, Doc. [12].  For the reasons set forth below, the motion is denied without prejudice to refiling.

**FACTUAL[1] AND PROCEDURAL BACKGROUND**

Plaintiff Ashley's Cleaning LLC brings this action against Defendant Ashley's Cleaning Service LLC  and Shaqueta Thigpen for unfair competition under the Lanham Act, 15 U.S.C. § 1125.  Doc. [1] ¶ 1.  According to Plaintiff, Defendant Shaqueta Thigpen is the sole operator of Defendant Ashley's Cleaning Service.  *Id*. ¶ 4.  Plaintiff alleges that Defendants have made "unauthorized use of Plaintiff's mark, ASHLEY'S CLEANING" in a manner constituting common law trademark infringement, unfair competition, and false designation of origin under Section 43(a) of the Lanham Act.  *Id*. ¶ 1.  Plaintiff claims that Ashley's Cleaning LLC has developed brand recognition and goodwill, and that its owner, Ashley, has built community relationships while providing quality cleaning services.  *Id*. ¶¶ 12-13.  When the Complaint was filed, Defendants' business offered nearly identical cleaning services and served the same locations and customer base as Plaintiff.  *Id*. ¶¶ 15-16.  Plaintiff claims that no one named Ashley is associated with Defendants' business, and Defendants chose their business name to "trade off of Plaintiff's established goodwill."  *Id*. ¶ 19.

---

[1] The Court accepts the facts alleged in the Complaint as true.  *See Taylor v. City of Ballwin, Mo.,* 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (A defaulting defendant "is deemed to have admitted all well pleaded allegations in the complaint.")

Plaintiff claims that, since Defendants began using the mark, it has received three inquiries from confused customers who believed that Defendants' business, Ashley's Cleaning Service LLC, was affiliated with or endorsed by Ashley's Cleaning LLC.  *Id.* ¶ 18; Doc. [12-3] at 1.  Plaintiff asserts that the three "mistaken calls answered by Ashley's Cleaning LLC represent opportunity for sales to Ashley's Cleaning LLC."  Doc. [12-3] at 1.  Plaintiff calculated its damages as a sum certain of 300 dollars:  100 dollars for each of the three mistaken calls.  Doc. [12-3] at 2.

Plaintiff filed the Complaint on May 29, 2025, Doc. [1], and Defendants Ashley's Cleaning Service LLC, and Shaqueta Thigpen were served on June 2 and June 5, 2025, respectively.  Docs. [6]; [7].  Defendants failed to file an answer or otherwise contest the Complaint within 21 days as required by Federal Rule of Civil Procedure 12(a)(1).  Doc. [12-1] at 3; Doc. [10].  Clerk's Entry of Default was entered against Defendant on July 8, 2025.  Doc. [10].  Ten days later, Plaintiff filed the instant motion for default judgment.  Doc. [12].  Defendants have not responded to the entry of default by the Clerk or to Plaintiff's motion.

**DISCUSSION**

A party seeking judgment by default is required to prove the amount of damages to be awarded.  *Oberster v. Fed. Deposit Ins. Corp.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993).  The party must establish, with reasonable certainty, the basis for an award of damages. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001) (affirming district court's decision to not award damages where damages were "speculative and not proven by a fair preponderance of the evidence").  Although a defaulting defendant "is deemed to have admitted all well pleaded allegations in the complaint," *Taylor v. City of Ballwin, Mo.,* 859 F.2d 1330, 1333 n.7 (8th Cir. 1988), the plaintiff must prove the amount of damages to a reasonable degree of certainty.  *Id.* at 1333; *Everyday Learning Corp.*, 242 F.3d at 818.  A default judgment cannot be entered until the damages amount has been ascertained. *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

Under Section 43 of the Lanham Act, appropriate equitable damages include "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the

2

action."[2] 15 U.S.C. §§ 1117(a). Such remedies are available to both the holders of registered marks and claimants under 15 U.S.C. § 1125 (a). *See id.* Reasonable attorneys' fees can be granted to the prevailing party in exceptional cases. *Id.* Damages awarded under the Act are compensatory, not a penalty. *Id.*

Considering the types of damages allowed under 15 U.S.C. § 1117, Plaintiff has not proven the amount of damages she seeks—300 dollars—to a reasonable degree of certainty. Specifically, Plaintiff does not explain how 300 dollars represents Defendants' profit, the damages it sustained, or the cost of the action. *See* 15 U.S.C. §§ 1117(a). The motion is therefore insufficient to support an award of 300 dollars.

Plaintiff's Motion for Default Judgment, Doc. [12], will therefore be denied without prejudice to refiling with greater clarity about damages. Plaintiff may either clarify that it does not seek monetary damages, or it may provide evidence establishing its entitlement to a certain amount of damages based on the facts in the Complaint and 15 U.S.C. §§ 1117. *See Everyday Learning Corp.*, 242 F.3d at 818. The parties are advised that the Court intends to decide the matter on Plaintiff's submissions and Defendants' response, if any, and does not deem an evidentiary hearing or oral testimony necessary at this time. *See Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment, Doc. [12], is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff shall have **30 days** from the date of this Order to file an appropriate motion for default judgment, either clearly requesting no monetary damages or requesting a specific amount supported by all affidavits, documentation, and other evidence necessary for assessing damages, along with an appropriate proposed default judgment for entry by the Court. Any affidavits and declarations must be signed under penalty of perjury, and they and all other relevant

---

[2] Plaintiffs may also in some cases be entitled to treble damages. 15 U.S.C. § 1117 (b). Unlike the above remedies, a treble damage award requires the mark at issue be registered. *See* 15 U.S.C. § 1114 (1)(a); 15 U.S.C. § 1116 (d)(1)(B)(i). Plaintiff's mark is not registered, so the Court will not consider treble damages.

materials must be filed with the motion.  Extraneous or irrelevant material will not be considered.

Dated this 27th day of March, 2026.

_____

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE